## Radnor Building and Loan Association v. Robinson.

*Vendor and vendee—Real estate—Equitable ejectment.*

Where a contract for the sale and purchase of real estate provides that part of the purchase money shall be paid in cash at the time of settlement and the balance secured by mortgage, and the purchaser enters into possession and defaults, the seller can maintain ejectment after the date set for settlement. In such case, the court will direct judgment for the plaintiff, to be released upon the defendant's complying with the contract.

Rule by plaintiff for judgment in ejectment on pleadings. C. P. Delaware Co., March T., 1924, No. 418.

*J. S. Freeman,* for rule; *Herman Lieberman,* contra.

BROOMALL, J.—This is an action in ejectment to recover possession of a house and two lots, Nos. 416 and 417, on a recorded plan in the Township of Darby, situate on the east side of Sharon Avenue, 100 feet north of Linden Street, containing in front on Sharon Avenue 50 feet, and extending in depth on the north line 136.97 feet and on the south line 137.29 feet.

This rule is taken under the Act of May 8, 1901, P. L. 142, Act of June 7, 1915, P. L. 887, and Act of June 12, 1919, P. L. 478.

It appears by plaintiff's abstract of title that it acquired title to the property for which this action of ejectment is brought by virtue of a deed of Forrester H. Scott et al., dated Aug. 19, 1923.

Plaintiff avers that on June 1, 1916, it agreed to sell to the defendants two lots and a house on the east side of Sharon Avenue, containing 50 feet front and 113 feet deep, 50 feet north of Linden Street. On the face of this averment, it has no relation to the title of the property in this suit. It has no relation to this case, unless it is taken to be intended as describing the property in this suit, although wrongly described. In view of plaintiff's abstract and the answer of the defendants and the statements of counsel on the argument, this may be assumed to have been the intention.

Upon the above showing, this action is an equitable action of ejectment for specific performance, in which a judgment is entered for the plaintiff, to be released upon compliance by the defendant with the terms of the contract of sale. But the plaintiff furnishes us with no data which would enable us to enter such judgment. Its rule for judgment would have to be refused, unless the necessary data can be obtained from the answer of the defendants.

Turning now to the answer of the defendants, we find that their title to the possession of the property in dispute is by virtue of a contract of sale in writing, a copy of which is given, bearing date June 1, 1924, made by the plaintiffs with them. This must be taken as the date of the contract of sale, although plaintiff avers the date of the contract of sale to have been June 1, 1916. On this motion of the plaintiff, all of the material averments of the defendants' answer must be taken as true.

This contract of sale calls for the payment of the purchase money of $2300, as follows: $50 cash, $250 at settlement, and the remainder to be secured by a mortgage payable at the rate of $21 per month.

It does not appear that there has been a tender of a deed or a tender of a mortgage.

Defendants aver that they have paid $400 on account of the purchase money. Their expenditures for repairs, improvements and taxes have been made upon their expectancy of becoming the owners.

The plaintiff does not insist upon recovering in this proceeding a claim for mesne profits or for use and occupation.

This data coming from the defendants enables us to dispose of the case.

It is, therefore, ordered, adjudged and decreed that judgment be entered for the plaintiff and against the defendants, to be released upon the defendants within sixty days preparing a deed for execution by plaintiff, and upon the execution and delivery of a bond and mortgage to be secured upon the premises in the customary form, conditioned for the payment of $1900, with lawful interest thereon, payable at the rate of $21 per month, together with a policy of fire insurance for the amount and term of said mortgage, to the use of the plaintiff.

From A. B. Geary, Chester, Pa.